district court of the united states
Washington D.C.

| | |
|---|---|
| SCOTT R. BOGUE <br> **In Propria Persona** <br> 12308 Camberwell Ct. <br> Raleigh, North Carolina 27614 <br> (919) 556-2351 <br>       Petitioner <br> <br> V. <br> <br> UNITED STATES; AND INTERNAL REVENUE SERVICE <br> <br>       Respondent | MISC. NO. 07-147 PLF |

FILED
APR - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO QUASH SERVICE OF THIRD PARTY ADMINISTRATIVE SUMMONS OF RECORD

COMES NOW PRIVATE CITIZEN Scott R. Bogue, Petitioner in the above captioned matter, In Propria Persona, unrepresented or assisted by counsel, and hereby MOVES THIS COURT TO QUASH SERVICE OF FIVE THIRD PARTY ADMINISTRATIVE SUMMONSES OF RECORD.

This case involves five third party record-keeper summonses issued to World Savings Bank of Oakland California, Netbank of Jacksonville Florida, Sun Trust Bank of Orlando Florida, Wachovia Bank of Philadelphia Penna., and Home Service Corp. Of North Highlands California. (Annexed hereto as **Exhibit "A"**) **Plaintiff** moves this Court to Quash summonses on the following grounds:

1

(1) This court has jurisdiction in this matter pursuant to Article III of the Constitution created by Congress to answer the Federal Question and pursuant to Internal Revenue Code Section 7609(h)

(2) This Court has jurisdiction when a Constitutional issue such as Due process has been abrogated by government as is the case here.

(3) This summons was issued under color of law, without lawful authority and without due process of law.

(4) The summons is a naked document that displays no code section, regulation, law, or any authority that the third party can rely on as authority for summons or their duty to perform any act.

(5) The summons fails to state any offense by plaintiff connected with the administration or enforcement of the internal revenue laws. While section 7602(c) of Title 26 may authorize the Secretary of the Treasury to examine plaintiff's books and records, if any, it does so only in connection with an inquiry into any offense connected with the administration or enforcement of the internal revenue laws. The United States is prohibited by the 4th (right to privacy) 5th (right not to help) and 6th (right to know nature of accusation) Amendments to the Constitution from merely saying to plaintiff or a third party, a citizen of the state of North Carolina, "come in here with books and records," and compelling plaintiff or a third party to do so without disclosing the nature of any wrongdoing by plaintiff.

(5) Respondent did not evidence a) the particular tax for which Petitioner is

purportedly liable nor b) the statutes or the implementing and enforcing regulations

Internal Revenue Code Section 7805(a):
> (a) AUTHORIZATION. - Except where authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary shall prescribe <u>all needful rules and regulations for the enforcement of this title</u>, including all rules and regulations as may be necessary by reason for any alteration of law in relation to internal revenue." (Emphasis added).

26 CFR Section 301.6001-1:

> "For provisions requiring records, statements, and special returns see the <u>regulations relating to the particular tax</u>". (Emphasis added).

"...we think it important to note that the Act's civil and criminal penalties attach <u>only upon the violation of regulations</u> promulgated by the Secretary; if the Secretary were to do nothing, <u>the Act itself would impose no penalties on anyone</u>...

...the actual implementation of the statute [is] by the Treasury Regulations. The Government urges that <u>since only those who violate these regulations may incur civil or criminal penalties</u>, it is the actual regulations issued by the Secretary of the Treasury, and not the brand authorizing language of the statute, which are to be tested against the standards of the Fourth Amendment; and that when so tested they are valid." <u>California Bankers Association v. Shultz</u>, 39 L.Ed 2d 820 and 830. (Emphasis added).

(6)    Respondent did not secure judicial scrutiny and a judicial order.

"Neither the provisions of Title I nor the implementing regulations require that any information contained in the records be disclosed to the Government; both the legislative history and the regulations make specific reference to the fact that access to the records is to be controlled by existing legal process." California Bankers Association v. Schultz, 39 L.Ed. 2d 820 and 830. (Emphasis added).

**See Schulz v. IRS, 413 F.3rd 297 (2005) Where the Court held:**

> "...Absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order...[a taxpayer] can not be held in contempt, arrested, detained, or otherwise punished for refusing to comply with the original IRS summons, no matter the taxpayer's reasons or lack of reason thereof."

The court went on to say that the federal courts are there to protect taxpayers from an "overreaching" IRS, and that the IRS must go through the federal courts before force can be applied on **anyone** by the IRS to turn over personal and private property to the IRS.

**The question for this Court is, did the 2d Circuit Court of Appeals answer the question and did they get it right? And should this Court concur with the 2d Circuit?**

We believe the second circuit got it right, when they used the language "before force can be applied on **anyone**, this must be construed to pertain to third parties as well.

4

(6) The only IRS Code that could allow for this summons if shown on the summons would be IRC § 7609, but the code is only prima facie evidence of the law, it is the statutes at large that control. There is no statute at large to support this summons.

Petitioner points out to the court that the Internal Revenue code is not the law. It is a mere representation of certain of the statutes-at-large, and is only prima facie evidence of the law (See Title 1 USC 204). This applies to the language of 26 USC 7609, which must be utterly disregarded when actual statutory language underlying that section of the code is invoked.

*"In all courts tribunals, and public offices of the United States, at home or abroad, of the District of Columbia, and of each State, Territory, or insular possession of the United States -*

*(a) United States Code – The matter set forth in the edition of the Code of Laws of the United States current at any time shall, together with the then current supplement, if any, establish prima facie the laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided however, that whenever titles of such Code shall have been enacted into positive law the text therefore shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States, and Territories and insular possessions of the United States.*
**1 USC 204**

*"Of the 50 titles only 23 have been enacted into positive (statutory) law. These titles are: 1, 3, 4, 5, 9, 10, 11, 13, 14, 17, 18, 23, 28, 31, 32, 36, 37, 38, 39, 44, 46, and 49. When a title of the code was enacted into positive*

*law, the text of the title became evidence of the law. Titles that have not been enacted into positive law are only prima facie evidence of the law. In that case, the Statutes at Large still govern.*
**United States Government Printing Office**

*"Certain titles of the Code have been enacted into positive law, and pursuant to section 204of title 1 of the Code, the text of those titles is legal evidence of the law contained in those titles. The other titles of the Code are prima facie evidence of the laws contained in those titles. The following titles of the Code have been enacted into positive law: 1, 3, 4, 5 9, 10, 11 13, 14, 17, 18, 23, 28, 31, 32, 35, 36, 37, 38, 39, 40, 44, 46, and 49."*
**United States House of representatives Office of the Law Revision Counsel**

**(7)** As the united States Supreme court has pointed out over the centuries, expressing what is one of the most fundamental of American judicial doctrines,
> *"When the words of a statute are unambiguous, the first cannon of statutory construction–that courts must presume that a legislature says in a statute what it means and means in a statute what it says there-is also the last, and judicial inquiry is complete."*
> **Connecticut national Bank v. Germain, 530 US 249 (1992).**

(8) "A search and seizure conducted without a warrant is per se unreasonable, subject to jealously and carefully drawn exceptions, Jones vs. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2. L.Ed. 2d 1514. One's bank accounts are within the expectations of privacy category...

...There are administrative summonses for documents cf. Camara v. Municipal Court

387, U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930; 943. But there is a requirement that their enforcement receive judicial scrutiny and a judicial order, United States v. United States District Court, 407 U.S. 297, 313 - 318, 92 S.Ct. 2125, 2134 - 2137, 32 L.Ed.2d 752.

In addition, the only Code section in the IRC that would authorize this third party summons would be Section 7609. The Implementing regulations for 7609 is found at 27 CFR Part 70, Section 70.25 and this regulation applies to taxes on Alcohol, Tobacco, and Firearms, and can only be served by ATF Agents.

Petitioner is not now nor has ever been involved in income produced from ATF activities..

Furthermore, these summonses were served by IRS Revenue Agents. Pursuant to IRC 7608, Revenue agents only have authority in Subtitle E taxes, and therefore, cannot issue these summonses unless they show a nexus between Petitioner and taxes relating to Subtitle E.

Therefore, there has been established:
1. No evidence of any cause for looking at me or my records is cited in the summons.
2. That the summons was not issued for a legitimate purpose
3. That the records sought are not relevant to the legitimate purpose

4. That the required administrative procedures has not been followed

These agents, Kathy Grimaldi and her Group Manager who singed the summonses do not possess an enforcement pocket commission and are not authorized by statute (IRC 7608) to sign or issue summonses and are not authorized to receive the records.

These agents are operating under color of law and color of office and based on the foregoing their summonses have no force and effect of law.

WHEREFORE Petitioner asks the court to: 1) quash the subject summonses and 2) Permanently enjoining and prohibiting the IRS from further collection or enforcement actions against plaintiff for the years in question.

**Dated March 15, 2007**

_Scott R. Bogue_
Scott R. Bogue

Scott R. Bogue
12308 Camberwell Ct.
Raleigh, NC 27614

district court of the united states
Washington D.C.

| | |
|---|---|
| SCOTT R. BOGUE ) | |
| ) | |
| Petitioner ) | |
| ) | MISC. NO. |
| V. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

This Memorandum is in support of the Motion to Quash third party summonses sent by the IRS to third party record keepers of Plaintiff Scott R. Bogue. Pursuant to the Constitution for the United States In the 4th, 5th and 6th Amendments, the Internal Revenue Codes, United States Codes, and the lack of Implementing regulations in 26 CFR, and Statutes at large, these summonses are without force and effect of law. **To wit:**

In the first instance (i) the alleged summonses were issued without a court order from a federal court as Quoting from the Appellate decision in Schulz v. IRS:

"...absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order...[a taxpayer] cannot be held in contempt,

arrested, detained, or otherwise punished for refusing to comply with the original IRS summons, no matter the taxpayer's reasons, or lack of reasons for so refusing." (emphasis added)

Although the matter before the court involved a Motion to Quash an IRS administrative Summons, the Appellate Court's ruling addressed (and clarified) several Due Process issues that arise as a direct result of the IRS's routine, day-to-day administration of the Internal Revenue Code (i.e., liens, levies, property seizures, wage garnishments, bank-account seizures, etc.). This ruling answers questions about the boundaries of the authority IRS actually possesses when it demands information or property without a court order from a federal district court.

And

(ii) In the holding in Brafman v. United States

**384 F.2d 863 (1967), Brafman v. United States, at 868**, which clearly warns:

"...The procedures set forth in the Internal Revenue Code were prescribed for the protection of both Government and taxpayer. Neglect to comply with those procedures may entail consequences which the neglecting party must be prepared to face, whether such party be the taxpayer or the Government." [Emphasis added]

(iii) Although, IRC Section 7609 is touted by the IRS as the authority for a third-party Record-keeper summons, this section appears in Subtitle F, which is procedure and administration of all Internal Revenue codes. One only has to read this code to know that it doesn't impose a requirement on anyone to do anything.

**§ 7609. Special procedures for third-party summonses**

**(a) Notice**

**(1) In general**

If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons

Section 7609 starts out with "if any summons which this section applies..." The only section that the summons being talked about here could apply is in Subchapter E Alcohol Tobacco, and Firearms, because Section 7609 does not state any particular tax, therefore the only way to know is to go to the Implementing Regulations promulgated by the Secretary for this Code Section. Those regulations are found in Title 27 Part 70 Section 70.25.

**Title 27: Alcohol, Tobacco and Firearms**
PART 70—PROCEDURE AND ADMINISTRATION
<u>Subpart C—Discovery of Liability and Enforcement of Laws</u>
<u>Examination and Inspection</u>

**§ 70.25 Special procedures for third-party summonses.**
2. (a) When the Bureau summons the records of persons defined by 26 U.S.C. 7609(a)(3) as "third-party recordkeepers", the person about whom information is being gathered must be notified in advance, except when:

(1) The summons is served on the person about whom information is being gathered, or any officer or employee of such person, or

(2) The summons is served to determine whether or not records of the business transactions or affairs of an identified person have been made or kept, or

(3) The summons does not identify the person with respect to whose liability the summons is issued (a "John Doe" summons issued under the provisions of 26 U.S.C. 7609(f)), or

(4) The appropriate TTB officer petitions, and the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying or production of records.

There is no summons authority in Subtitle A(Income Tax) or Section 1 of the code that correlates to Section 7609 of Subtitle F, and there is no regulation in 26 CFR that correlates to this section.

Without an implementing regulation in 26 CFR, 7609 it is meaningless when it comes to income tax.

The Supreme Court held in U.S. v. Mersky, that

"The result is that **neither the statute nor the regulations are complete without the other,** and **only together do they have any force.** in effect, therefore, **the construction of one necessarily involves the construction of the other.**"
U.S. Supreme Court in U.S. v. Mersky, 361 U.S.41, 1960.

(iv) The summons is only applicable for ATF excise tax matters and has absolutely nothing to do with any tax under the domain of the IRS. The only regulation authority for 26 USC Section 7601 thru 7609 is at 27 CFR Part 70 Procedure and Administration for Alcohol and Tobacco Tax and Trade Bureau, ATF. This false appearance of enforcement authority used under color of office and color of law is by mere statutes found in Subtitle F, Chapter 78, Subchapter A, Section 7608 is **ONLY** for enforcement of Subtitle 'E' and other laws pertaining to liquor, tobacco, and firearms. The IRS cannot cross reference to implementing regulations found in other titles of the CFR per **1 CFR 21.21 (c).**

(v) In addition, these summonses stated to the institutions that the **SUMMONS** was *"issued under authority of the Internal Revenue code" which is a direct effort by the IRS at deception to the institution.* Without declaring those provisions of the Code, unconstitutional on their face, the Schulz court in effect, nullified key enforcement provisions of the IRC **[as those summons provisions only apply to ATF in the first place]** stripping the IRS of much of its power to compel compliance with its administrative demands for personal and private property. **The Court characterized IRS summons issued under §§ 7602 and 7609 as mere 'requests' under <u>color of office</u> and <u>color of law</u>.**

26 USC § 7608 shows that Summons are only permitted by ATF Agents for Subtitle E excise taxes of which this Plaintiff has no personal involvement whatsoever.

(vi) In the summonses I question the IRS states *"**You are hereby summoned and required to appear before** Kathy Gimaldi, Revenue Agent, an officer of the Internal Revenue Service, to give testimony and bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown."*

A very interesting choice of words that stand out such as **"summoned and required to appear"** and **"produce for examination the following books, records, papers, and other data relating to the tax liability."** Their sole reference to <u>statutes without regulations</u> speaks loudly of their <u>fraud</u>.

(vii) Under Title 27 Agent Kathy Grimaldi has no authority to represent the ATF. Additionally, she has no authority to cross reference sections in Title 27 per **1 CFR 21.21(c)**

(viii) This summons must come from the ATF for activities within their jurisdiction and the Plaintiff has no activities involving any ATF areas.

(ix) The job title **"Revenue Agent"** which is found where Kathy Grimaldi signed her name on the summons, the only definition of "Revenue Agent" found anywhere in the U.S. Code or its implementing regulations confirms that IRS "Revenue Agents' may only operate in territories of the federal zone United States. You will find in **27 CFR 26.11 meaning of terms the word "Revenue Agent"** is defined to be *"Any duly authorized Commonwealth Internal Revenue Agent of the* <u>Department of the Treasury of Puerto Rico</u>."

It seems as though **Department of the Treasury** could mean anything and is misleading, the summons doesn't refer to **The United States Treasury** Department, as this Revenue Agent can only operate in U.S. Territories and maybe just Puerto Rico only.

In SUMMARY the summons is utterly deficient in the following:

1. <u>**The IRS has no enforcement authority**</u> as all enforcement powers listed under Subtitle F only pertain to ATF. 26 CFR Part 1 show no regulations in existence for IRS to use.

2. The Department of the Treasury Organizational Chart signed by former Secretary of the Treasury Rubin show that the IRS is completely <u>**DEVOID**</u> of any enforcement authority. See Exhibit **"A"** Attached)

3. **The IRS has no enforcement authority to SUMMONS** for Books and Records related to an income tax under IRC 7601, 7602, or 7603 as parallel authorities or regulations for such are only associated with 27 CFR Part 70.

4. **The IRS has no authority to cross-reference to regulations in 27 CFR** for use in 26 CFR as stated by 1 CFR 21.21(c) which indicates that *"each agency shall publish its own regulations in full text"* and that *"cross-references to the regulations of another agency may not be used as a substitute for publication..."*

5. **If** the IRS did have authority for SUMMONS use that it could only apply to the Books and Records related to **section 64012(e), 6421(g)(2), or 7602** for gasoline or fuels and Plaintiff has no activities in that area.

6. **The IRS is DEVOID of any enforcement authority as there are no implementing regulations published in the Federal Rgister** as required of the IRS under 5 USC 552(a)(1), 26 CFR 601.702(a)(1), and 44 USC 1501.

7. **The IRS is DEVOID of any enforcement authority per Michael L.White, Federal Attorney, Office of the Federal Register** Who stated *"our records indicate that the Internal Revenue Service has not incorporated by reference in the Federal Register a requirement to make an income tax return."* (See Attached Exhibit "B")

8. **The IRS is <u>DEVOID</u> OF ANY ENFORCEMENT AUTHORITY Per Michael L. White** per his statement that *"you have asked whether the IRS provisions codified in 26 USC 6020, 6201, 6203, 6301, 6303, 6331 through 6343, 6601, 6602, 6651, 6701, and 7207 have been processed or included in 26 CFR Part 1. The Parallel Table of Authorities and Rules indicates that the implementing regulations for the sections above have been published in various parts of Title 27 of the CFR.* <u>**There are no corresponding entries for Title 26.**</u>

**Therefore, the unauthorized summons request has nothing to do with this Plaintiff or his income activities.**

**Therefore, this summons should be quashed by this Honorable Court.**

*/s/ Scott R. Bogue*
Scott R. Bogue, *In Propria Persona*

Scott R. Bogue
12308 Camberwell Ct.
Raleigh, NC 27614

district court of the united states
Washington D.C.

| | |
|---|---|
| SCOTT R. BOGUE ) | |
| ) | |
| Petitioner ) | |
| ) | MISC. NO. |
| V. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of March 2007, a copy of the Motion to Quash summons along with copies of supporting declarations of Scott R. Bogue were sent to Defendant and copies to third party summons recipients by Telephone facsimile and first class United States Mail postage prepaid and addressed to:

U.S. Department of Justice
   Tax Division
   P.O. Box 227
   Suite 6611
   Washington, D.C. 20044

World Savings Bank
4101 Wiseman Blvd.
San Antonio, TX 78251

And

Netbank
4901 Belfort Road
Jacksonville, FL 32256

And

Suntrust Bank
7474 Chancellor Drive
Orlando, FL 32809

And

Wachovia Bank NA
Legal Processing
PO Box 8667, PA4292
Phila. PA 19101

And

Home Service Corporation
4837 Watt Avenue
Suite 200
North Highlands, CA 95660

And

Bank of America
1425 NW 62nd St.
Ft. Lauderdale, FL 33309

_____
Scott Bogue, Plaintiff

Dated: March 19, 2007

Scott R. Bogue
12308 Camberwell Ct.
Raleigh, NC 27614

district court of the united states
Washington D.C.

| | |
|---|---|
| SCOTT R. BOGUE ) | |
| ) | |
| Petitioner ) | |
| ) | MISC. NO. |
| V. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent ) | |
| ) | |

**PROOF OF MAILING**

On April 6, 2007, I the undersigned, forwarded and original and one copy of Notice of Motion, Motion to Quash Summons and proposed form of order to:

CLERK OF THE COURT

district court of the united states

Prettyman Building

333 Constitution Avenue

Washington D.C.

       Via USPS Express Mail

*/s/ Scott R. Bogue*
Scott R. Bogue, In Propria Persona

April 6, 2007